UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BESMELLAH JAMALI,

Petitioner,

v.

CAMMILLA WAMSLEY, *et al.*,

Respondents.

Case No. C26-2333-MLP

ORDER STRIKING MOTION TO ENFORCE ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On July 2, 2026, Petitioner Besmellah Jamali filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he alleged that his immigration detention had become unconstitutionally prolonged under the Fifth Amendment. (Dkt. # 1.) Petitioner filed an amended petition on July 29, 2026. (Dkt. # 11.) On August 21, 2026, this Court issued an Order granting in part Petitioner's petition and ordering that Respondents provide Petitioner a bond hearing that complies with the requirements of *Singh v. Holder*, 638 F. 3d 1196 (9th Cir. 2011), at which the government bears the burden to prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Dkt. # 18.) The immigration court held the hearing on August 31, 2026. (Dkt. # 20.)

On October 9, 2026, Petitioner filed a motion to enforce this Court's prior Order on the grounds that he failed to receive a bond hearing that complied with the requirements of *Singh v. Holder*. (Dkt. # 21 at 1.) He contends that the immigration judge ("IJ") did not hold the government to its burden of proof, and that the IJ abused her discretion by "relying on unsupported speculations and generalized factors common to most detainees" when denying bond based on flight risk. (*Id.*) He also alleges that the IJ demonstrated bias at the hearing in her conduct and written decision and committed "other due process violations." (*Id.*)

While the federal rules authorize the Court to enforce a judgment by ordering the performance of a specific act, that authority is triggered "only when a party refuses to comply with [the] judgment." Fed. R. Civ. P. 70(a); *Rose v. Guyer*, 961 F.3d 1238, 1245 (9th Cir. 2020). Here, the Court's prior judgment required Respondents to provide Petitioner with a bond hearing, which they did on August 31, 2026. Any challenge to the legal sufficiency of that hearing should be raised in a new habeas petition. *See Velasquez O v. ICE Field Office*, 2026 WL 1834287, at *1 (W.D. Wash. June 25, 2026).

Accordingly, the Court ORDERS as follows:

(1) Petitioner's motion to enforce this Court's prior Order (dkt. # 21) is STRICKEN.

(2) The Clerk shall send copies of this Order to all counsel of record.

Dated this 14th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge